IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

―――――――

JAMES L. YARBROUGH,

        Plaintiff,

v.                                                                                          No. CIV 96-1800 BB/DJS

THE BELL GROUP, d/b/a
RIO GRANDE JEWELERS, a
New Mexico corporation,

        Defendant.

## MEMORANDUM OPINION

THIS MATTER comes before the Court on Defendant's Motion and Brief in Support of Summary Judgment (Doc. 16). The Court has reviewed the submissions of the parties and the relevant law, and, for the reasons set forth below, finds that the motion for summary judgment should be GRANTED and this case dismissed.

**Facts and Procedural History**

This is a Title VII action filed by Plaintiff, a Black male, after Defendant terminated his employment. Plaintiff's complaint alleged three counts: racial discrimination, retaliation, and prima facie tort. The prima facie tort claim, Count III of the complaint, was dismissed on June 11, 1997, by a final judgment from which no appeal was filed (Doc. 11). Defendant has now moved for summary judgment on the remaining counts of the complaint.

Defendant characterizes Count I, the racial discrimination claim, solely as an attack on the termination of Plaintiff's employment. Defendant maintains that Plaintiff has not established a prima facie case of discrimination as the basis for that termination. In the alternative, Defendant

argues that it has proffered a legitimate, non-discriminatory reason for the termination, and that in response Plaintiff has not raised an issue of fact as to whether that reason was a pretext for discrimination. Concerning Count II, the retaliation claim, Defendant argues that Plaintiff never presented this claim to the Equal Employment Opportunity Commission ("EEOC") for review, and that Plaintiff thereby failed to exhaust his administrative remedies. On that basis, Defendant maintains this Count should also be dismissed.

### Standard Applied By This Court

"Summary judgment is proper only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Quaker State Minit-Lube, Inc. v. Fireman's Fund Ins. Co., 52 F.3d 1522, 1527 (10th Cir. 1995) (quoting Fed. R. Civ. P. 56(c)). "All facts and reasonable inferences must be construed in the light most favorable to the nonmoving party." Id. On a motion for summary judgment, the issue is "not whether [the court] thinks the evidence unmistakably favors one side or the other but whether a fair-minded jury could return a verdict for the plaintiff on the evidence presented." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986). "Nevertheless, a jury question does not exist because of the presence of a mere scintilla of evidence; rather, there must be a conflict in substantial evidence to create a jury question." Walker v. NationsBank of Florida, 53 F.3d 1548, 1555 (11th Cir. 1995). The Court will consider Defendant's motion for summary judgment in light of these standards.

### Retaliation Claim

As Defendant points out, the EEOC charge filed by Plaintiff does not mention retaliation

and provides no facts that would support a retaliation claim.  The only grounds for discrimination alleged in the charge are the termination of Plaintiff's employment and the claim that Plaintiff was harassed by co-workers with racial slurs, jokes, and negative treatment.  According to the Tenth Circuit, if a plaintiff seeks judicial relief for discriminatory conduct not listed in the original EEOC charge, that conduct must be "like or reasonably related to" the allegations made in the EEOC charge.  Seymore v. Shawver & Sons, Inc., 111 F.3d 794, 799 (10th Cir. 1997).  Where a retaliatory act has occurred before the EEOC charge is filed, and the charge contains no allegation of retaliation, the retaliatory act will ordinarily not reasonably relate to the charge.  Id.  In other words, where a claimed act of retaliation has occurred prior to the filing of an EEOC charge, and retaliation is not alleged in the charge, a plaintiff will not be allowed to later raise a claim of retaliation in his or her Title VII lawsuit.  That is the situation in this case -- Plaintiff filed an EEOC charge that did not mention retaliation, and later filed a Title VII lawsuit containing a retaliation cause of action.  That cause of action is based on acts of retaliation that allegedly occurred prior to the filing of the EEOC charge.  In addition, the EEOC charge says nothing about Plaintiff's prior complaints to supervisors, such as the timing of such complaints and the name or names of the supervisors who were the recipients of the alleged complaints.  Therefore, under Seymore, Plaintiff has failed to exhaust his administrative remedies with respect to the retaliation claim, and the Court will grant summary judgment on Count II of the complaint.

**Discriminatory Discharge Claim**

It is well-established that the McDonnell Douglas analytical framework applies to discrimination claims such as Plaintiff's.  See E.E.O.C. v. Flasher Co., Inc., 986 F.2d 1312, 1316 (10th Cir. 1992).  First, Plaintiff must establish a *prima facie* case that his discharge was a result of

racial discrimination. To do so in a case such as this one, where Plaintiff was discharged for violating a work rule, Plaintiff must show that (1) he belongs to a protected class; (2) he was discharged for violating a work rule; and (3) similarly situated employees of a different race were treated differently even though they committed similar types of violations. Id.[1]

If Plaintiff establishes a *prima facie* case, the burden shifts to Defendant to articulate a legitimate nondiscriminatory reason for the adverse employment decision. Id. If Defendant proffers such a legitimate business reason, it successfully rebuts the presumption raised by Plaintiff's *prima facie* case. Id. Plaintiff must then prove discriminatory intent, either through direct evidence or by proving that the reasons offered by Defendant are not the true reasons for Defendant's action, but are merely a pretext for discrimination or retaliation. Id.

Applying the above framework to the facts of this case, the Court will grant Defendant's motion for summary judgment on the discriminatory-discharge claim. The Court finds that Plaintiff did not establish the third prong of the *prima facie* case test. Plaintiff was discharged after he was involved in an altercation at work with another employee, Bud Pino, who is Native American. Plaintiff points out that Pino was not discharged, while Plaintiff was, and relies on that fact to support his claim that his termination was a discriminatory act. However, Plaintiff has failed to produce any evidence that he and Pino were similarly situated. To meet that requirement

---

[1] As phrased in Flasher, the third component of the test is whether similarly situated "non-minority" employees were treated differently. Defendant seizes on that language in this case, pointing out that Bud Pino, the other employee involved in the altercation that led to Plaintiff's termination, was Native American rather than Anglo. Based on that fact alone, Defendant argues that Plaintiff has not established the necessary prima facie case. The Court disagrees. Discrimination that favors one minority group over another is still discrimination on the basis of race. Therefore, Plaintiff was required to show only that he was treated differently than a similarly situated employee of a different race.

Plaintiff would have to show that Pino was similarly situated to him in all respects, including his work history.  Cf. Shumway v. United Parcel Service, Inc., 118 F.3d 60, 64 (2d Cir. 1997) (plaintiff had to show that males who were treated differently had engaged in comparable conduct, including entire course of conduct engaged in by plaintiff).  It is undisputed in this case that Plaintiff had been counseled several times about deficiencies in his work attitude and in his relationships with co-workers.  Plaintiff made no effort to show that Pino had also been involved in prior incidents with other employees, or had a similar history of deficient performance at work.  The Court therefore finds that Plaintiff did not establish that he and Pino were similarly situated, and that Plaintiff did not make the required *prima facie* showing discussed above.

In the alternative, assuming Plaintiff met his initial burden of establishing a *prima facie* case, the Court finds that Defendant proffered a legitimate business reason for the discharge that was not rebutted by Plaintiff.  Defendant explained that Plaintiff was discharged because this incident was essentially the last straw in a series of work-related difficulties Defendant had experienced with Plaintiff.  Pino, in sharp contrast, had no history of such problems, at least according to the evidence presented to this Court.  Plaintiff attempted to show that Defendant's explanation was a pretext, by offering two unsworn letters from acquaintances who blame a co-worker's animus toward Plaintiff for his work-related difficulties.  These unsworn letters do not meet the requirements of Rule 56(e) and cannot defeat Defendant's summary judgment motion.  See Chaiken v. VV Publishing Corp., 119 F.3d 1018, 1033 (2d Cir. 1997); Hayes v. Marriott, 70 F.3d 1144, 1148 (10th Cir. 1995) (citing cases for proposition that unsworn statements are not sufficient to support or prevent a grant of summary judgment).  Plaintiff has not met his burden of providing evidence that Defendant's justification for its action was a pretext for discrimination,

and summary judgment is appropriate on that basis as well.

The Court notes that Plaintiff attempts to make an argument that Defendant did not follow its own employee handbook when it terminated his employment rather than suspending him for a period of time.  Plaintiff appears to maintain that suspension had to be attempted before he could be terminated, and that the failure to follow that particular order of discipline is evidence of discrimination.  The Court disagrees.  According to the handbook submitted by Defendant to this Court, there is no requirement of progressive discipline.  Instead, the handbook states that a number of different forms of discipline, including termination, may be used "depending on the circumstances of each case."  The handbook clearly allows the termination of an employee's employment even though lesser punishments such as suspension have not yet been tried.  Defendant's failure to suspend Plaintiff rather than terminate him, therefore, is not evidence of pretext or discriminatory intent.

The Court also notes that Plaintiff has objected generally to every form of evidence offered by Defendant in support of its motion for summary judgment.  Plaintiff argues that all of the affidavits and documents from his personnel file contain hearsay and are otherwise inadmissible.  Again, the Court disagrees.  Although some of the documents may contain hearsay, there is sufficient admissible evidence to establish the only points Defendant needed to make in order to prevail on its motion -- that Plaintiff had a checkered work history and was involved in a serious altercation with a fellow employee.  In fact, Plaintiff does not deny either of these facts, although he does claim generally that he signed the prior counseling statements, acknowledging problems with his work and behavior toward co-workers, only to save his job.  Once Defendant submitted its evidence, it was incumbent on Plaintiff to submit evidence of his own that would

raise an issue of fact as to whether Defendant's explanation for the discharge was a pretext. Plaintiff completely failed to offer any such evidence, except for the unsworn letters discussed above.

### Possible Hostile Work Environment Claim

In Plaintiff's EEOC charge he referred to a claim that he had been harassed by co-workers with racial slurs and had been the recipient of racial jokes and other negative treatment. As part of Count I of the complaint filed in this Court, he also referred to harassment and a hostile work environment. Defendant's motion for summary judgment did not address in any way the possibility that Plaintiff has raised a hostile-environment claim as part of his Title VII lawsuit. In fact, it is not clear whether Plaintiff has attempted to raise such a separate claim or has made the harassment allegations as part of his proof that his discharge was racially motivated. See, e.g., Lowe v. Angelo's Italian Foods, Inc., 87 F.3d 1170, 1175 (10th Cir. 1996) (evidence of past discrimination may properly be considered evidence of current discriminatory intent). For example, his EEOC charge refers to the date the discrimination took place as August 5, 1994 to August 5, 1994, indicating that the only discriminatory act he was basing his charge on was his termination. Obviously, since Defendant did not address a hostile-environment claim at all, Defendant was under the impression that the discharge was the only discriminatory act at issue in this case.

Assuming that Plaintiff has raised a separate hostile-environment claim based on racial harassment, the Court will *sua sponte* grant summary judgment on that claim. A court may grant summary judgment *sua sponte* if the losing party was on notice that it had to come forward with all its evidence, and had an opportunity to present that evidence to the court. Sports Racing Serv.

v. Sports Car Club of America, 131 F.3d 874, 892 (10th Cir. 1997).  This is such a case. Discovery is complete, which means Plaintiff has had an opportunity to obtain all the relevant evidence necessary to present his case.  In addition, Defendant's motion for summary judgment asked for the complete dismissal of Count I.  If Plaintiff intended Count I to include a hostile-environment claim as well as a discriminatory-discharge claim, he was put on notice that he should present any evidence he had available on the hostile-environment claim to avoid the dismissal of that claim.  Yet, he presented no affidavits, depositions, or other evidence to support his allegations of harassment.

Furthermore, the Court notes that Plaintiff did raise his allegations of harassment, in his brief responding to the motion for summary judgment.  In that brief Plaintiff referred to some specific instances of alleged harassment, such as complaints from other team members about the fact that he played "Black" music, references to the music as "Monkey" music, an alleged incident in which a co-worker asked if he knew what a "Nigger" was, and Plaintiff's belief that he had been denied educational opportunities that were granted to an Anglo employee who had less seniority than did Plaintiff.  As noted above, however, Plaintiff presented no evidence to establish that such incidents actually occurred, apparently preferring to rely on mere argument in his brief. Even if he had presented such evidence, the incidents do not rise to the level necessary to support a hostile-environment claim.  Evidence of sporadic racial epithets and slurs, while regrettable, are not alone actionable under Title VII.  See Bolden v. PRC Inc., 43 F.3d 545, 551 (10th Cir. 1994) (instead of sporadic racial slurs, there must be a steady barrage of opprobrious racial comments). Similarly, a general claim of denial of opportunities offered to one other employee, without more, is insufficient to show that the denial was based on racial animus.  For these reasons, the Court

will *sua sponte* grant summary judgment on any hostile-environment claim that Plaintiff may have been attempting to raise in Count I.

**Request to Reconsider Earlier Dismissal of Count III**

Plaintiff asks that the Court reconsider the earlier dismissal of Count III of his complaint. Even assuming this Court has the power to reconsider the dismissal,[2] the Court will decline to do so. Plaintiff has presented nothing to indicate that the prior dismissal was erroneous.

**Conclusion**

Based on the foregoing, the Court will grant Defendant's motion for summary judgment on both Counts I and II, and will *sua sponte* grant summary judgment on any parts of Count I that may not be covered by Defendant's motion. As a result of this action and the previous dismissal of Count III, all of Plaintiff's claims have now been dismissed and the lawsuit will be dismissed in its entirety.

An Order in accordance with this Memorandum Opinion will issue.

Dated this 4th of March, 1998.

_____
BRUCE D. BLACK
United States District Judge

---

[2] A highly debatable assumption, since the order dismissing Count III was certified as a final, appealable judgment in the order of dismissal.